E-FILED
Friday, 08 June, 2007  02:22:11 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| ROBERT JUAREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-4005 |
| ) | |
| ROBERT LANE, PIERRE LEROY, ) | |
| RICHARD POTERACK, and FRANK ) | |
| MCCURG, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is the Motion to Dismiss and Alternatively Motion for Summary Judgment filed by Defendants, Robert Lane, Pierre Leroy, Richard Poterack, and Frank McClurg on April 20, 2007 [Doc. 12].  For the reasons that follow, the Motion to Dismiss is GRANTED and the alternative Motion for Summary Judgment is DENIED AS MOOT.

**BACKGROUND**

The facts are taken from the Complaint filed by Plaintiff, Robert Juarez, on January 30, 2007.  The caption of the Complaint names the four individuals listed above.  However, on the first page, Plaintiff states that the defendant is "John Deere and Company" (hereinafter "John Deere").  The "Parties" section, however, Plaintiff seems to state that the defendants are the four individuals listed above and John Deere.

Plaintiff first alleges that he was subject to sexual harassment prior to 1980 and through September, 1982 when Defendant Frank McClurg was a plant manager for John Deere. He subsequently left John Deere, but was rehired in 1998. At this point in the Complaint, Plaintiff lists a number of John Deere employees who committed various infractions or who had various characteristics and who received special treatment. He then appears to allege that John Deere treated him differently, on account of his race in his work assignments, in a worker's compensation claim, and in compelling him to leave work because of a disability. With respect to Defendants Robert Lane, Pierre Leroy, and Richard Poterack, the Complaint implies that they are supervisors of employees who were given preferential treatment.

Thus, the Complaint can reasonably be read to assert three claims: one for sexual harassment prior to September, 1982 in violation of 28 U.S.C. § 1981, another for racial or national origin discrimination in the terms and conditions of his employment after 1998 in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and a third Americans with Disabilities Act of 1990 claim, 42 U.S.C. § 12111, *et seq*.

Defendants' Motion to Dismiss asserts that they are not liable under Title VII, that Plaintiff has failed to state a claim pursuant to § 1981, and that Plaintiff's claims against Frank McClurg and Richard Poterack are barred by the applicable

statute of limitations.  In a response filed on May 3, 2007, Plaintiff admits that he is not claiming that these defendants are individually liable for the acts complained of.  Rather, Plaintiff states that he meant to sue John Deere as he was specifically named in the Complaint.

## ANALYSIS

The Complaint clearly indicates, on the first page, that Plaintiff is asserting claims against John Deere.  However, it appears that summons was not issued for this Defendant as he was not a named Defendant in the caption of the Complaint.  Federal Rule of Civil Procedure 10(a) states that "[i]n the complaint the title of the action shall include the names of all the parties . . . ."  Plaintiff did not name John Deere in the title and the Clerk failed to issue summons for John Deere.

This problem is easily resolved as Plaintiff states he is not asserting individual claims against the current named Defendants.[1]  Rather, he asserts that his discrimination claims are made against John Deere, as his employer.  Therefore, each

---

[1] Nor can Plaintiff assert such claims against persons who are not his employer.  Title VII "addresses discrimination by employers" and not co-workers.  Shafer v. Kal Kan Foods, Inc., 417 F.3d 663, 665 (7th Cir. 2005).  The ADA also "provides only for employer, not individual, liability."  Silk v. City of Chicago, 194 F.3d 788, 788 n.5 (7th Cir. 1999); U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1279-1282 (7th Cir. 1995).  With respect to the § 1981, Plaintiff has not asserted in his Complaint that any Defendants are liable for the harassing conduct of Mildred Blackman.

3

of the individual Defendants are DISMISSED.  The Clerk is DIRECTED to substitute these Defendants with John Deere and Company and issue summons accordingly.  In all future pleadings, the caption shall read "Robert Juarez, plaintiff, v. John Deere and Company, defendant."

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants on April 20, 2007 [Doc. 12] is GRANTED.  The alternative Motion for Summary Judgment is DENIED AS MOOT.  Defendants Robert Lane, Pierre Leroy, Richard Poterack, and Frank McClurg are hereby DISMISSED.  Defendant John Deere and Company is hereby ADDED.  Clerk to issue summons accordingly.

Entered this  8th  day of June, 2007

                                          s/ Joe B. McDade
                                          JOE BILLY McDADE
                                    United States District Judge